[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
In March of 1992, the plaintiff, the Key Bank of Maine, instituted an action against Mariculture Products, Ltd. ("Mariculture") and Gershon Navon and Ruth Navon ("the individual defendants") arising out of the operation, by Mariculture, of hatchery facilities in the State of Maine. The plaintiff alleged that over a number of years, beginning in 1989, the plaintiff loaned various sums of money, under various loan documents, to Mariculture and that the loans were guaranteed by the individual defendants. The plaintiff further alleged that the individual defendants secured their guarantees with mortgages on Connecticut property. The individual defendants reside on Round Hill Road in Greenwich and the office of Mariculture is maintained at that address. The action was instituted by the plaintiff in the form of an application for an ex-parte temporary restraining order. CT Page 2316
The action instituted by the plaintiff asserted that the loans were in default and sought foreclosure of the Connecticut mortgages; immediate possession of the mortgaged premises; judgment against the individual defendants on their respective guarantees; and the immediate turnover of the books and records of Mariculture in the possession, custody and control of Mariculture and/or the individual defendants. It also appears that plaintiff, purportedly acting pursuant to the loan documents and the statutes of the State of Maine, has taken possession and control of the real and personal property located in the State of Maine and is operating the hatchery facilities. There is also litigation pending in the State of Maine between the defendants, (Mariculture and the individual defendants) and the plaintiff relating to the disputes between the respective parties.
On April 13, 1992, the defendant Mariculture filed an answer, special defenses and counterclaim and on April 14, 1992, the plaintiff filed a withdrawal of action. By memorandum of decision filed October 30th, 1992, the court stayed proceedings with respect to the counterclaim filed by Mariculture on the ground that effect should be given to the agreement between Mariculture and the plaintiff that all litigation between the parties shall be maintained in the State of Maine.
On April 23, 1992, the individual defendants filed their answer, special defenses and a counterclaim against the plaintiff. Plaintiff has moved to dismiss that counterclaim asserting that the voluntary withdrawal of action effectively terminated the action, thereby divesting the court of jurisdiction over the parties and prohibiting the court from proceeding with the counterclaim. The individual defendants, on the other hand, assert that the withdrawal of action was ineffective because their attorneys did not receive notice of the withdrawal of action until April 27, 1992 which resulted from a telephone conversation relating to an inquiry as to why a counterclaim was filed with respect to an action that had been withdrawn.
An evidentiary hearing was held by the court with respect to service of the withdrawal of action filed on April 14. The withdrawal itself contained a certification by the attorney for the plaintiff stating that a copy of the withdrawal was mailed to all counsel of record. The certification, however, is undated. Neither of the two attorneys for the individual defendants received a copy of the withdrawal of action in the United States mail, and CT Page 2317 neither attorneys received notice of the filing until April 27, when a copy of the withdrawal was faxed to them. It appears that the withdrawal was filed by a paralegal employed by the attorney for the plaintiff and that the attorney for the plaintiff then gave a copy of the withdrawal to his secretary to be mailed to the attorneys for the individual defendants. While the action taken by the attorney for the plaintiff would, in the ordinary course, have resulted in the mailing of the withdrawal of action, the plaintiff has failed to demonstrate that the document was mailed nor has he demonstrated that notice of that withdrawal was provided to the individual defendants prior to the time the counterclaim was filed.
The plaintiff does not claim that a withdrawal of action is not a document that must be served on opposing counsel as provided for in the Practice Book 121, and the court finds that a withdrawal of action, under that section, must be served on opposing counsel. Practice Book 122 provides that service on an attorney for a party may be made by mailing and further provides that "Service by mail is complete upon mailing." While service may be made by alternative means, delivery of a copy of the withdrawal of action to the attorneys for the defendants did not occur until April 27, after the counterclaim was filed. In order to effectuate the provisions of the Practice Book relating to service of papers upon opposing parties, the court finds that the withdrawal of action filed on April 14, 1992 was not effective until April 27, 1992, when compliance with the Practice Book occurred. The court therefore finds that the counterclaim filed by the individual defendants on April 23 was filed in a pending action and the withdrawal of that action did not impair the rights of the individual defendants to prosecute the counterclaim pursuant to the provisions of Practice Book 169.
Accordingly, the motion to dismiss filed by the plaintiff on May 8, 1992 is hereby denied.
The motion to dismiss filed by Mariculture (decided by the court on October 30, 1992) asserted as a basis the doctrine of forum non convenience. However, such claims were not stated in the motion to dismiss filed by the individual defendants. Insofar as the arguments and briefs of the parties may be construed as asserting the application of the doctrine to the claims of the individual defendants, the motion is denied. There is no claim that the individual defendants signed any documents agreeing to litigate any issues relating to their guarantees in the State of Maine and, therefore, the basis for the October 30, 1992 ruling CT Page 2318 does not apply to the individual defendants. The issues raised under the doctrine of forum non convenience are not whether the State of Maine is a good, or even a better forum, but rather, whether Connecticut itself is inappropriate or unfair in view of the private and public interest considerations involved in the litigation. See such cases as Picketts v. International Playtex, Inc., 215 Conn. 490 (1990); and Union Carbide Corporation v. Aetna Casualty and Surety, Co., 212 Conn. 311 (1989). The court cannot conclude that Connecticut is an unfair or inappropriate jurisdiction in which to litigate the issues, even though similar issues are currently being litigated in the State of Maine.
RUSH, J.